In the Matter of the Estate of BENJAMIN LESSIG, Deceased.

Surrogate's Court, Kings County, January 28, 1938.

*Samuel H. Henis*, for the petitioner Mamie Lessig, as administratrix-accountant.

*Philip D. Greiff*, for Mamie Lessig, widow, objectant to the accountant.

*William Man Parkhurst*, special guardian for Barbara and Marvin Lessig, infant children of decedent.

*William C. Chanler, Corporation Counsel* [*Joseph G. DeVito* of counsel], for board of child welfare of the city of New York.

WINGATE, S.   Surrogates' Courts are wont to point with pride to the equitable powers which they possess and which they attempt to exercise in the interest of abstract justice.   In common parlance, " equity " and " justice " have come to be, if not synonymous, at least substantially equivalent terms.   In the opinion of the court, the innate justice or equities of the situation should control the determination of the present application.

Benjamin Lessig was accidentally killed in October, 1933, and left a widow and two children in destitute circumstances.   Action was instituted to recover for the loss of support of the husband and father, but the attainment of this result was postponed by the somewhat extraordinary delays encountered in the ensuing judicial proceedings.   To avoid starvation in the interval, the widow applied to the board of child welfare of the city of New York for relief, stated the facts of her predicament and hope for recovery in her pending action.   The result of her negotiations was that her application for relief was granted upon her execution of a document agreeing to reimburse the city when her recovery was consummated.

A compromise of the suit has just been approved, in connection with which and the settlement of her accounts a citation was served upon the board of child welfare. Upon the return day the only appearance made on behalf of the board was by a welfare worker, who was not an attorney, who merely asserted the claim of the board but tendered no proof in its substantiation.

Objection was interposed on behalf of the widow to the allowance of the claim on the ground that it was merely a transaction *inter vivos*, no assignment, legal or equitable, having been demonstrated, and that this court consequently lacked jurisdiction for its adjudication. This objection the court was reluctantly compelled to sustain.

The corporation counsel has now made a so-called application for a " rehearing " of the decision. In reality, it is a motion to open its default and to permit the presentation of evidence to demonstrate that in reality an equitable or legal assignment of her interest in the award was made by the widow.

It is the assertion of the applicant that it is in a position to demonstrate that it was the intention of the parties that such assignment should be made and that although the verified agreement of the widow to repay may not, in terms, effect such result that the city is able to supply this deficiency by testimonial demonstration within the doctrine of *Williams* v. *Ingersoll* (89 N. Y. 508, 521, 522) and *Brill* v. *Tuttle* (81 id. 454, 457) and similar authorities.

It is wholly obvious that if the board is able to substantiate its assertion of the jurisdiction of this court to enforce the legal and moral obligation of this recipient of its bounty, it should be accorded the opportunity of so doing. The present attitude of the widow argues strongly that if this fund ever reaches her hands, the chances of the board ever receiving its promised repayment are extremely remote.

In view of all the demonstrated circumstances, and in the interest of the furtherance of substantial justice, the court, in its discretion, will open the default of the board and permit it to adduce such proof as may be available to it in substantiation of its position.

There is no adequate reason for a postponement of payment of the fees and disbursements of the attorney who conducted the litigation to a successful conclusion and these, in the sums heretofore fixed, may be paid forthwith without awaiting the determination of the issue between the widow and the board.

Enter order on notice in conformity herewith.